The court calls People v. Hollis 510-591. Ms. Strachan, you may proceed. May it please the court, counsel, this is a simple case and I want to just focus on the restitution issue. In this case, the defendant is a 17-year-old girl who was convicted of criminal trespass with a vehicle. The record's not very clear about what really went on here, but it looks like it was like a joyriding incident where this 1989 Mazda pickup truck runs into something and is damaged. At the sentencing hearing, the only evidence presented about the issue of restitution was that there was a repair bill or repair estimate for $3,053 presented by the state. But the defendant presented the Kelley Blue Book value of the truck at being between $500 and $600 total value for the entire truck. They also presented two pictures of the damaged truck itself, which also showed some other body damage, some rust spots, scrapes. There was some testimony that this truck was in good shape anyway, aside from the damage that was done from this accident. So the defendant actually argued that she should only have to pay the $500 to $600, or even better, only half that because the truck was kind of junky anyway. Did the defendant challenge the estimate to repair? No, not the estimate itself. Instead, the argument was that she should not have to pay to repair that truck at that value. So what the state argued was that she should have to pay the cost of repair or to replace the truck. So the question is, which rule do we follow here? Because the restitution, the concept behind restitution is to make the owner of the damaged property whole. Well, in this quick case, I think it's important to look at what would we do if this was your truck, and you ran it into the wall, and it was worth $500, and the estimate repair was $3,000. What would your insurance company tell you to do? They'd say, cash this $500, your truck is total. They wouldn't be forced to pay $3,000 to repair a $500 vehicle. It doesn't make any sense that that would be the case here either. But oddly, what happened was the judge didn't choose either of these things. The judge chose a figure out of the thin air, $2,500. You can't buy a reliable truck for under $2,500, so you're going to pay $2,500 for this truck. There's no evidence about that. There's no evidence in the record that it cost $2,500 to buy a reliable truck. There's no evidence in the record that this was a reliable truck. Maybe that's why it ran into the building. We don't know because there's no evidence about that. And because the state didn't present that evidence in order to prove that this vehicle was a reliable one and that that's what it would cost to replace it, that there's absolutely no evidence for the judge to have entered that order. So there is some question about which standard of review should apply here. I say this is a matter of law because there's no authority to have just picked a figure out of thin air, which is essentially what the judge did. The state argues it's an abuse of discretion standard. I say it doesn't make any difference because just picking a figure out of thin air is not using your discretion. It's just randomly picking a figure out and ignoring all the evidence in front of you. That's not the judge's job to do that either. So if this vehicle was a—here's another example. Had this vehicle been stolen and never found, had it been run into a lake somewhere, and nobody had ever seen the thing again, what kind of restitution would the defendant who did that have been ordered to pay? We wouldn't have a repair bill. What we would have to do is look at the fair market value. And in this case, the only evidence we have on the fair market value is the Kelley Blue Book information that was presented by the state. Do we have any evidence that the repair bill presented by the state exceeded the value of the vehicle? Only in that—only when you compare it to what the Kelley Blue Book value said that the truck was worth. And the only Blue Book value we got was trade. Yes, and the Kelley Blue Book does offer trade. I mean, I agree it would be unlikely that trade ends $500 and retail would be $5,000. I mean, they're bad, but they're not that bad. I mean, I understand that. There was no other impact. Isn't that the state's job to have proven that this truck was worth more than the $500? In fact, it was worth repairing? They didn't do that. They didn't offer any other evidence. And ultimately, it comes down to the problem that the judge just chose a figure, just chose one, just randomly. And at the very least, there was no inquiry about ability to pay. Absolutely, and that's the next part of the problem. There was no discussion about this child's ability to pay for this truck, whether it was $500 or $50,000. It was a 17-year-old kid, and her dad had to launder her out of jail. There was no discussion about ability to pay, how it should be done, lump sum, what should happen here. There was no discussion about any of that. So even for whatever issue, whatever amount was ordered to be paid, it's still invalid because we don't have a ruling that she has the ability to pay or how she should do that. She was not working? There was no evidence presented about any of that, as far as I know, as far as I can recall. I really don't. The whole record is really sparse, which is why we don't even really know what went on in this case. You can kind of pick up some things here and there, but the big issue was what's it going to cost us. That's really what it came down to. Well, what's a judge supposed to do when there's competing evidence about the value? He's supposed to pick the high one or the low one, but he can't pick one in the middle? He's supposed to use his discretion, but in this case there was not any competing evidence about the value. There wasn't. The only evidence about the value was what the defendant presented. The state didn't present any evidence of the value of this truck, just what it would cost to fix it, which is a completely separate issue. I personally have been in this situation where it costs a whole lot more than the thing was worth, and then I didn't get to own it. I'm missing something because the state says they put in $3,053. To repair it. To repair. To repair. That was an estimate for a repair bill. Not that it's relevant, but nobody had done any repairing or anything. Nothing had happened in this case, so start talking about out-of-pocket costs. There haven't been any. So it's not as if the owner went and repaired this thing, and now wants the $3,000 back. That never happened. The judge made a comment about, I'm sure this woman would not have sold her truck for $500 prior to this. You don't have any. I mean, assuming the truck was worth $10,000, you wouldn't have any problem with the cost of repair. Oh, no. The only reason there's a problem with cost of repair is because it appears that it may exceed the value, but there's actually no evidence in the record that it exceeds the value. How do you do $3,000 of damage to something that's worth $500? It doesn't make sense. You've just destroyed it. Okay. That's when we go to the fair market value, and the only evidence we have is this $500 blue book. Okay. And, of course, the statute says the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim. And you cited a case. I mean, are you telling us that pretty much it's clear authority that fair market value is the appropriate standard? That's my argument, and that we have one piece of evidence on fair market value. The state, if they didn't like the idea that the defense offered just trade-in value information, should have come back with, now, come on, private party value even by blue book is this. They didn't do that, probably because they knew full well it wasn't $3,000, and it would be better to argue to try to get that $3,000 by insisting that that was the way to go. That doesn't make it true. Even so, it's questionable that the judge didn't just say, I'm going to choose not to give you fair market value, but I'm going to give you the repair amount and order you to pay $3,053. He didn't do that either. He just decides, well, you know, a good truck costs $2,500, so that's what you're getting. Well, I got a good truck. It cost a whole lot more than $2,500, so thank God that judge, I didn't have this judge running things when I was buying it. But that's not how you make a decision. You don't just pick a figure. This is a small claims court where we're all compromising and deciding how things ought to be to make everybody happy. That's not what this is about. This is a legal issue that has to be based on evidence presented, and it simply is not based on any evidence that was presented. Let me ask you a question about the second issue. The state concedes $10 credit on the fine. Do you accept that concession? Sure. Okay. We can go. I just want to make sure there was an agreement. I know I can get into it, but I'm not going to be carried away with $10. So we'd ask you would reduce this to an amount that is actually supported by the evidence, which is $5,000. Okay. Thank you. Thank you. Mr. Dave? Thank you, Madam Judge. Good morning. May it please the Court, Counselor. Well, at least I know I'll do okay on Issue 2. Only because you conceded. All my cases would be easy if I could do that. Working backwards a little bit with Justice Waxman's question about the determination of the building pay, I can see that that was not brought out or done by the Court. Our argument on appeals, that's been waived. There's authority on that. Waiver is, of course, a limitation on the parties and not the Court, so how this Court chooses to deal with that, I understand, and I do admit that that was not done. These restitution cases are always kind of a tricky thing, I suppose. There's something of an anomaly in the sense that when we talk about fair market value, fair market value comes into play when we talk about something that's a complete loss. So oddly enough, if the defendant in this case had compacted this pickup truck into a one-foot-by-one-foot cube, the fair market value analysis becomes probative at that point. However, we're talking about, of course, restitution, which is, of course, defined by statutes making and case laws making the defendant whole, or the victim whole, which as I understand it means is to basically put the victim back to the status quo ante. There's not any debate in this case that there was damage done to this vehicle, that it was damage done at the hands of the defendant, and it was damage done at the hands of the defendant as a result of the criminal activity. So when the state submitted the cost of repair, and this was evidence that was stipulated to, the defendant did not challenge the accuracy of that. They presented testimony of the defendant's father who said, well, I saw this truck, and it's old and raw, so it's kind of a beat-up truck. And the judge says, well, I looked at some photographs of this. I don't know if I necessarily agree with that. This is all, of course, done within the parameters of the exercise of the court's discretion in viewing evidence and considering these things at its disposal. That the restitution amount submitted was in furtherance of this very notion, this very legal notion of putting the victim back in the status where the case began before the damage occurred. No one wants, I guess, to give an award of restitution. I sort of interpret the defendant's argument as an unjust enrichment sort of analysis. Why should the victim benefit when the defense has presented evidence, which I'll talk about here in a moment, about the value of the car, of the truck. Do you think there's any relevance to the defendant's contention that it sat for a year without being operated? I suppose it's relevant to the extent of a judicial determination of whether the car or the truck was fixable versus a wholesale loss. But it doesn't appear from my recollection of this that there was a notion that it was a truck that could not be fixed and made whole as it would be usable as it was before the accident. All of this testimony that came in was all evidence that arguably goes toward value. Pictures, how long the incident's been going on. Correct, and of course that's sort of part and parcel with our argument that when the court affixed this amount, it sort of took into consideration, and the judge sort of, I guess, and the judge makes a statement that the motion to reconsider hearing, and I'm considering all the evidence in this case, including the state's submission of their cost of repair estimate. But of course the judge is considering all the evidence, and in this instance, when the judge is exercising his discretion in trying to determine the proper amount, it's also weighing into the fact that there are factors about this vehicle that perhaps might motivate it to, might motivate the court to come to a different amount. He made this statement, though, where he says you can't get a decent truck for less than $2,500, and there was no evidence to support that statement. I agree with that, but you also have to look at that statement also in the context of what the judge did say at the motion to reconsider hearing, that it focused on the evidence that was presented. If the judge makes an off-the-cuff comment like this, and I don't think that that necessarily indicates that the judge has set this amount because he thinks that's what this vehicle is worth, so be it. But I do think that you have to give equal or greater credit to what the judge said at the motion to reconsider hearing. Coincidentally, that's what he said at restitution. No. That being the case, that is what the judge said. Obviously, we have to, we have to, we can't just disregard that, obviously, when judges assume or presume to know the law that that's what they're basing their ultimate conclusion on. I do have a problem in this case because what we have here is, I'm not sure what the remedy is the defendant can seek in this court based upon what the evidence is. But we do have evidence from the state that was stipulated to, at least as accurate as what the state would present, regards the cost of repair of the vehicle, which would be in furtherance, of course, as I've stated, to put the victim whole. The submission of the defendant, which the state also stipulated to, was a fair, trade-in value for a vehicle. As the state is arguing on appeal, that's a relevance calculation only within the context of a trade-in vehicle. There was a case that I've cited which sort of divides Kelly into three categories. You've got your retail, you've got your private party value, you've got your trade-in value. The private party value, I think, would have been a much more relevant determination, but that was not presented below. Let me ask you this. Assume that the cost of repair did exceed the value of the vehicle. Don't the cases say that then it should be fair market value? That's where I began by saying that the anomaly is if this truck had been compacted into a cube, then yes. Or if it had just been never reappeared, stolen, and reappeared. Sure, sure. Bottom of the pond or whatever. Well, we do have the truck, and we don't know. Maybe it's not unreasonable for someone to say, well, you've got this 22-year-old pickup truck, probably has some sentimental value. Maybe they don't want to have to just chuck this truck and make it a junker and only get the value of the vehicle if it had been compacted into a cube. But we don't even know that value anyway. That's the problem. I've got a kind of opinion down here, though. I mean, your opponent says, the case law says, under those circumstances, you should use fair market value. Do you agree with that? I agree that fair market value would be appropriate under the circumstances where it's holding. Okay, and that's what the case law says. I believe so, yes. So our problem here is there's no evidence of what fair market value is. Well, the only evidence we have is the repair costs versus the trading value, which I don't know if maybe defense counsel is confused about that or not. Obviously, that's not a, from our point of view, not a reliable thing. That's the lowest number. That's why defense counsel used that. So, I mean, if this court sees it appropriate, really, to remand this for some determination of a fair market value, I don't know if I would agree with that, but I think there would be a much better resolution than to simply accept the $500 and say that this is what this vehicle is worth. Could the judge have said, I haven't received any evidence from either party of the appropriate standard?  So somebody could. It could. But I do think the judge saw the appropriate standard as essentially repairing the vehicle, to put the victim back in the position that she was in before the defendant's criminal acts intervened and caused damage to the car. And I think that's a perfectly appropriate methodology. He didn't do that, though. He only had evidence of one figure of repair, and he didn't order that. Well, he did. But, well, I mean, if this court wants to remand this and impose a $3,053 restitution, I'd be more than happy to accept that. But I can't challenge that finding. I'm saying it's certainly a reasonable, rational move, because the judge said that this is the figure that he was going upon. But I do think the judge came to that as a concession to the defendant's arguments about certain circumstances, such as Justice Watson referred to with regards to the vehicle being on the side of the road and the testimony of the defendant's father, et cetera. So obviously it's our position that the judgment of the court should be firm. We would ask that it be affirmed all the way through. If the court deems remand necessary for a billion to pay, so be it. We've argued that that argument. Thank you. Do you have any other questions or comments? No, thank you. Any for your time? Okay. That's a fair amount of time. I'm sure he's going to get some sleep. I'm talking about money in this one, though. All right. We'll take this matter under advisement.